SLIP OPINION

Cite as 2014 Ark. 535

# SUPREME COURT OF ARKANSAS

No. CR–14–518

| | | |
|---|---|---|
| KIYWUAN PERRY | | **Opinion Delivered** December 18, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CR2012-1791] |
| STATE OF ARKANSAS | | HONORABLE HERBERT THOMAS WRIGHT, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**JIM HANNAH, Chief Justice**

A Pulaski County jury convicted appellant, Kiywuan Perry, of capital murder and aggravated robbery. The circuit court sentenced Perry to consecutive terms of life imprisonment without parole for the capital-murder conviction and forty years for the aggravated-robbery conviction. Perry contends on appeal that the circuit court erred in denying his motion for directed verdict and abused its discretion in refusing to submit to the jury his proffered verdict forms on accomplice liability. Because this is a criminal appeal in which a sentence of life imprisonment has been imposed, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2014). We affirm.

Perry's convictions stem from a robbery and murder that occurred at an El Chico restaurant in Little Rock. According to the testimony and evidence presented at trial, on the

evening of April 15, 2012, Perry and his brother, Zeckeya Perry,[1] entered the restaurant carrying guns and wearing hoodies, sunglasses, and bandanas. They forced all of the restaurant's customers and employees, except for waiter, Jesus Herrera, into a walk-in cooler. While inside the cooler, the customers and employees heard gunshots, and upon exiting the cooler, they found Herrera lying on the floor, fatally shot. An undetermined amount of money was stolen from the restaurant manager's office during the robbery.

On appeal, Perry first contends that the State presented insufficient evidence of his guilt of both offenses at trial. Specifically, he claims that the testimony of four prosecution witnesses—Quantez Dobbins, Kenya Smith, Adrian Brooks, and Tyrone Barbee—was "so clearly unbelievable" that their testimony should be disregarded as a matter of law. Next, Perry claims that the evidence at trial failed to corroborate the testimony of accomplices, Dobbins, Smith, and Brooks.[2]

The State contends that this court cannot address Perry's claims because they are not preserved for our review. We agree. A challenge to the sufficiency of the evidence is preserved by making a specific motion for directed verdict at the close of the State's evidence and at the close of all of the evidence. *E.g.*, *Maxwell v. State*, 373 Ark. 553, 558, 285 S.W.3d 195, 199 (2008). Rule 33.1 of the Arkansas Rules of Criminal Procedure states in relevant

---

[1]Zeckeya was tried and convicted of capital murder and aggravated robbery, for which he was sentenced to terms of life imprisonment without parole and thirty-five years' imprisonment, respectively. This court affirmed Zeckeya's convictions and sentences. *See Perry v. State*, 2014 Ark. 406.

[2]The circuit court instructed the jury that Dobbins was an accomplice as a matter of law and that Smith's status as an accomplice was in dispute. The circuit court declined to give an accomplice-liability instruction for Brooks.

SLIP OPINION

part:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor. . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsection[] (a) . . . will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict . . . A motion for directed verdict . . . based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict . . . preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict . . . is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R. Crim. P. 33.1(a), (c) (2014). "The rationale behind this rule is that 'when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof.'" *Maxwell*, 373 Ark. at 559, 285 S.W.3d at 200 (quoting *Pinell v. State*, 364 Ark. 353, 357, 219 S.W.3d 168, 171 (2005)).

A general motion for directed verdict that merely asserts that the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *E.g.*, *Rounsaville v. State*, 2009 Ark. 479, at 8, 346 S.W.3d 289, 294 (holding that defendant failed to make a specific motion regarding the sufficiency of the evidence to prove the charges of kidnapping and terroristic threatening when he argued at trial that he did not "believe [the State] made a prima facie case"); *Eastin v. State*, 370 Ark. 10, 15, 257 S.W.3d 58, 62–63 (2007)

(concluding that defendant's sufficiency argument was not preserved for appeal when he moved for directed verdict "based on the fact that the State has not made a prima facie case" and that he should be acquitted "based on lack of proof"); *Travis v. State*, 328 Ark. 442, 446–48, 944 S.W.2d 96, 97–98 (1997) (holding that defendant's argument in directed-verdict motion that the State had not presented evidence to "meet their burden on both counts of the residential burglary and the rape charge" failed to specifically identify the proof of the element of the crime that was alleged to have been missing).

At trial, Perry made a general motion for directed verdict, but he did not raise the specific issues that he now raises on appeal. Rather, at the close of the State's case, which was also the close of evidence, defense counsel made the following motion: "Your Honor, we'd ask for a directed verdict of acquittal. That the government hasn't presented enough evidence to take the case to the jury. It's insufficient for that."

Perry's general motion, which failed to specify any deficiencies in the State's proof, was inadequate to preserve for appellate review the specific challenges to the sufficiency of the evidence he now raises on appeal. *E.g.*, *Binemy v. State*, 374 Ark. 232, 236–37, 287 S.W.3d 551, 555 (2008). In addition, we note that, although Perry received a sentence of life imprisonment for his capital-murder conviction, and that Arkansas Supreme Court Rule 4-3(i) (2014) requires us to review the record for error in all life and death cases, this review presupposes that a proper objection was made at trial. *See Webb v. State*, 327 Ark. 51, 60, 938 S.W.2d 806, 811 (1997). When an appellant fails to make a specific motion for directed verdict indicating the particular deficiencies in the State's proof, it is as if he failed to object

4

SLIP OPINION

at all, and that failure below precludes our review of the sufficiency of the evidence on appeal. *Webb*, 327 Ark. at 60, 938 S.W.2d at 812.

Perry next contends that the circuit court abused its discretion in refusing to submit to the jury his proffered nonmodel-verdict forms on accomplice liability. At trial, Perry requested that the circuit court instruct the jury with the disputed-accomplice-liability instruction for witnesses Smith and Brooks. The circuit court gave the instruction for Smith, but it refused to give the instruction for Brooks, concluding that there was not evidence from which the jury could conclude that Brooks was an accomplice. Thereafter, Perry requested that the circuit court submit to the jury an interrogatory verdict form on which it would indicate whether it found Smith to be an accomplice. The circuit court denied Perry's request. Perry then proffered interrogatory-verdict forms as to both Smith and Brooks.

On appeal, Perry contends that the circuit court committed reversible error when it refused to submit to the jury a verdict form on which it would have indicated whether it found that Smith was an accomplice.[3] At trial, the circuit court gave the disputed-accomplice-liability instruction, Arkansas Model Jury Instruction—Criminal 2d 403, for Smith:

> A person cannot be convicted of a felony upon the uncorroborated testimony of an accomplice.

---

[3]Perry does not challenge the circuit court's ruling that there was not evidence from which the jury could conclude that Brooks was an accomplice; therefore, he has abandoned his argument that Brooks required a disputed-accomplice-liability instruction. For that reason, we do not consider Perry's argument that the circuit court should have submitted to the jury an accomplice-liability verdict form for Brooks.

Cite as 2014 Ark. 535

An accomplice is one who directly participates in the commission of an offense or who, with the purpose of promoting or facilitating the commission of an offense:

Solicits, advises, encourages or coerces another person to commit it; or aids, agrees to aid or attempts to aid another person in planning or committing it.

It is contended that the witness, Kenya Smith, was an accomplice. If you find that she was, then Kiywuan Perry cannot be convicted upon testimony of that witness, unless that testimony is corroborated by other evidence tending to connect Kiywuan Perry with the commission of the offenses.

Evidence is not sufficient to corroborate the testimony of an accomplice if it merely shows that the offenses were committed and the circumstances of the commission. The sufficiency of the corroborating evidence is for you to determine.

Perry claims that, because Smith's status as an accomplice was in dispute, he was entitled to have the following verdict form submitted to the jury:

Verdict Form

Interrogatory Verdict No. 1

We the jury find that:

_____ Kenya Smith was an accomplice to the crimes of capital murder and aggravated robbery.

_____ Kenya Smith was not an accomplice to the crimes of capital murder and aggravated robbery.

_____
FOREPERSON

In assessing whether a circuit court should have submitted a proffered nonmodel-verdict form to the jury, this court uses the same standard that it applies when considering whether a proffered nonmodel jury instruction is warranted. *See Love v. State*, 281 Ark. 379, 383, 664 S.W.2d 457, 460 (1984). This court has held that nonmodel jury instructions are

6

to be given only when the circuit court finds that the model instructions do not accurately state the law or do not contain a necessary instruction on the subject. *E.g.*, *Bond v. State*, 374 Ark. 332, 340, 288 S.W.3d 206, 212 (2008). Further, just because a proffered jury instruction may be a correct statement of the law does not mean that a circuit court must give the proffered instruction to the jury. *Id.*, 288 S.W.3d at 212. This court will not reverse a circuit court's decision to give or reject an instruction unless the court abused its discretion. *E.g.*, *Clark v. State*, 374 Ark. 292, 305, 287 S.W.3d 567, 577 (2008).

Here, Perry does not claim that the jury instructions did not accurately state the law or that the jury lacked a necessary instruction. Indeed, at Perry's request, the circuit court gave the jury the model disputed-accomplice-liability instruction. Perry's contention is that the proffered nonmodel interrogatory-verdict form should have been given because the jury's completion of the form would have indicated whether Smith's testimony required corroboration. According to Perry, the interrogatory verdict form would assist this court in determining whether there is sufficient evidence to support the convictions in this case.

Although Perry conceded at trial that he had found no authority to support his claim that he was entitled to the nonmodel-verdict form he requested, he contends in his brief on appeal that the circuit court "erroneously" denied his request for the verdict form and that "the circuit court's discretion did not extend to denying this request by the defense." We do not address this point because Perry fails to support it with cogent argument or citation to relevant authority. It is well settled that assignments of error unsupported by convincing argument or apposite authority will not be considered on appeal. *See, e.g.*, *Hale v. State*, 343

Ark. 62, 86, 31 S.W.3d 850, 865 (2000).

*4-3(i)*

Pursuant to Arkansas Supreme Court Rule 4–3(i), the record has been reviewed for all objections, motions, and requests that were decided adversely to Perry, and no prejudicial error was found.

Affirmed.

BAKER and HART, JJ., concur.

*Omar Greene*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.