Cite as 2020 Ark. App. 97

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-735

| | |
|---|---|
| JOHN A. BUFFINGTON | **Opinion Delivered:** February 12, 2020 |
| APPELLANT | |
| | APPEAL FROM THE OUACHITA |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 52CR-18-146] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE EDWIN KEATON, JUDGE |
| | |
| | AFFIRMED |

## BART F. VIRDEN, Judge

John Buffington appeals his conviction by a Ouachita County Circuit Court jury of terroristic threatening. Buffington asserts that there was insufficient evidence that he intended to carry out the "conditional" verbal threat made to the victim; thus, the circuit court erred in denying his directed-verdict motion. We affirm.

Buffington was charged with second-degree domestic battery, terroristic threatening, and aggravated assault of a family member stemming from a May 18, 2018 altercation with his girlfriend, Shantay Johnson. At the trial, Johnson testified that Buffington told her to tell her then thirteen-year-old son, T.J., to "hang the phone up with 911 or he was gonna kill me." Johnson recalled that "[h]e said that more than one time. I was terrified. I really thought he was going to kill me. So I told my son to hang up the phone with 911, but he did not." T.J. also testified that Buffington said, "Tell T to hang up the phone or I am gonna

kill you." T.J. testified that Buffington repeated the threat, that he felt "desperate and upset," and that he believed Buffington was going to kill his mother.

At the close of the State's evidence, counsel moved for a directed verdict, stating that

> I don't believe that the State has proven each element of these charges beyond a reasonable doubt. Additionally, I don't think that they have been able to show that there is a space between the aggravated assault and the domestic battery enough to justify having two charges. So, I think they'd have to pick one or the other. And yeah, move for a directed verdict.

The circuit court denied the motion. Buffington renewed the motion at the close of all evidence. The jury acquitted Buffington of second-degree domestic battery and aggravated assault of a family member and found him guilty of terroristic threatening. Buffington was sentenced as a habitual offender to twelve years' incarceration in the Arkansas Department of Correction. Buffington timely filed a notice of appeal.

On appeal, Buffington argues that the State did not offer proof that he intended to carry out the threat because it was conditional on Johnson's telling T.J. to end his phone call with the 911 operator.[1] Johnson testified that she instructed her son to hang up the phone; thus, according to Buffington, the conditions were met and "there was no immediate threat of harm." Buffington's argument is not preserved for appeal.

A challenge to the sufficiency of the evidence is preserved by making a specific motion for directed verdict at the close of the State's evidence and at the close of all the

---

[1]Arkansas Code Annotated section 5-13-301 (Supp. 2019) sets forth that a person commits terroristic threatening when with the purpose of terrorizing another person, he or she threatens to cause death or serious physical injury or substantial property damage to another person.

evidence. *Perry v. State*, 2014 Ark. 535, at 3, 453 S.W.3d 650, 652. Rule 33.1 of the Arkansas Rules of Criminal Procedure provides the following, in pertinent part:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
>
> . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence . . . in the manner required in subsection (a) . . . will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Ark. R. Crim. P. 33.1(a), (c) (2019). "The rationale behind this rule is that 'when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof.'" *Maxwell v. State*, 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008) (quoting *Pinell v. State*, 364 Ark. 353, at 357, 219 S.W.3d 168, 171 (2005)). A general motion for directed verdict that merely asserts that the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *Perry, supra.*

3

Here, Buffington made a general motion for directed verdict, and he did not raise the specific issues that he now raises on appeal regarding the sufficiency of the proof supporting the "conditional" nature of the threat and his intent to carry out the threat.

Affirmed.

SWITZER and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.