Cite as 2026 Ark. 90

# SUPREME COURT OF ARKANSAS

**No.** CR–25–658

| | |
|---|---|
| MONTRELL SIMMONS | **Opinion Delivered**: April 30, 2026 |
| APPELLANT | |
| V. | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-24-776] |
| STATE OF ARKANSAS | HONORABLE CHARLES E. CLAWSON III, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Montrell Simmons was convicted of aggravated robbery and capital murder and received sentences of life imprisonment and 480 months' imprisonment, respectively. On appeal, Simmons argues that the State presented insufficient evidence to convict him of aggravated robbery, the predicate felony for his capital-murder conviction. He further argues that if capital murder is unsupported by the evidence, his conviction cannot be reduced to the lesser-included offense of first-degree murder. We affirm.

## I. *Background*

Simmons met Israel Demont Credit on a social-media application called "Tagged." Montrell traveled from Little Rock to Conway to meet Credit at his home under the guise of having sex. However, Montrell later admitted that this was a ploy to meet up so that he could rob Credit.

When Simmons attempted to rob Credit, Credit called 911. Simmons attempted to grab the phone, and a struggle ensued. Simmons then shot Credit. Credit's mother returned home the next day and found her son dead on the floor. A single shell casing was lying next to him.

From Credit's phone, police discovered that Simmons had been messaging Credit through Tagged. A search warrant was subsequently executed on Simmons's home, and a 9mm handgun and a pair of Nike shoes were recovered. Forensic testing revealed that the handgun was used to fire the bullet that killed Credit. In addition, the shoes tested positive for blood and Credit's DNA.

Simmons was charged with capital murder in furtherance of aggravated robbery, aggravated robbery, possession of firearms by certain persons, and a habitual-offender enhancement for having previously been convicted of four or more felonies. At trial, Simmons moved for a directed verdict on the capital-murder charge, which the circuit court denied. He was convicted of capital murder and aggravated robbery. The State nolle prossed the charge of possession of firearms by certain persons. Simmons received a cumulative sentence of life imprisonment without the possibility of parole. This appeal followed.

## II. *Discussion*

Simmons argues on appeal that the State presented insufficient evidence that he committed aggravated robbery because, absent his confession that he sought to rob Credit, the evidence fails to establish his intent to commit theft. As such, the State's failure to prove aggravated robbery, the predicate felony for capital murder, renders both his convictions

2

invalid. The State contends that Simmons's argument on this point is unpreserved. We agree.

To preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. *Grady v. State*, 350 Ark. 160, 85 S.W.3d 531 (2002). A general motion for directed verdict that merely asserts that the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *Perry v. State*, 2014 Ark. 535, 453 S.W.3d 650.

Simmons's argument on appeal centers on the State's failure to present evidence of his intent to commit theft, an essential element of aggravated robbery. Ark. Code Ann. § 5-12-103(a) (Repl. 2024). However, when Simmons moved for a directed verdict at trial, he argued the following:

> The defense has a motion for directed verdict on the charge of capital murder. The State has charged Mr. Simmons with the offense of capital murder, which has the lesser included offense of first-degree murder. Careful perusal of those two separate charges, as charged in this case, are virtually identical. By way of illustration, Your Honor, capital murder is acting alone or one or more other person committed or attempted to commit the crime of aggravated robbery, that's paragraph a. First degree murder acting alone or one or more other person attempted -- committed or attempted to commit aggravated robbery, identical. Capital murder, paragraph second, that in the course of and in furtherance of that crime or attempt, Montrell Simmons caused the death of Israel Credit Jr. under circumstances manifest[ing] the extreme indifference to the value of the human life. First degree murder, second, that in the course of and in furtherance of that crime or attempt or an immediate flight therefrom, Montrell Simmons caused the death of Israel Credit Jr. under circumstances manifesting extreme indifference to the value of the human life. The only difference between those two statutes and those two instructions is that first degree murder, you can also be charged for a killing -- employing extreme indifference to the value of human life while fleeing from an aggravated robbery. The distinction is not such that a reasonable jury can make the distinction. The lesser charge is the appropriate charge.

3

Simmons moved for a directed verdict as to capital murder, asserting that the offenses of capital murder and first-degree murder were "virtually identical" and that a reasonable jury could not make a distinction. As evidenced, Simmons made no directed-verdict motion as to aggravated robbery, much less challenge the evidence supporting an element of the offense, such as the intent to commit theft. Accordingly, we are precluded from reviewing the sufficiency of the evidence on appeal. *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997).

Because Simmons failed to preserve his first argument, we need not address his second claim that this court cannot reduce his conviction to first-degree murder.

Affirmed.

*D. Franklin Arey III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

4