## STATE v. DILLINGHAM.

1. EVIDENCE; *Variance between proof and allegations.*

Mrs. Dillingham was indicted for an attempt to bribe a witness to withhold his testimony in a criminal proceeding before a J. P. against Tom Dillingham. For evidence of the proceeding the docket of the Justice was offered, from which it appeared that Tom Dillingham and John Royal had been arrested on an affidavit charging them jointly with stealing a cow. The cause was styled " The State of Arkansas v. Dillingham and Royal." That they severed and on trial Royal was discharged, and afterwards Dillingham was put on trial and bound over to the Circuit Court. HELD ; That there was no material variance between the docket and the indictment as to the description of the proceeding and the docket was admissible.

2. CRIMINAL PRACTICE; *No trial without plea.*

In a criminal case there can be no valid trial without plea of the defendant.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHELL Circuit Judge.

*C. B. Moore,* Att'y Gen'l, for appellant.

State v. Dillingham.

This is an indictment under *Sec.* 1423 *Gantt's Dig.*

The court clearly erred in excluding the testimony offered.

The charge was dismissed as to Royal, and proceeded against Dillingham *alone,* but if it had not, a case against Dillingham and another was a case against Dillingham, as the greater includes the less.

SMITH, J. Mrs. Dillingham was indicted, under Sec. 1423 of Gantt's Digest, for an attempt to bribe a witness to withhold his testimony in a criminal proceeding against Tom Dillingham, depending before a Justice of the Peace. A jury was impaneled, but no plea was entered by the defendant so far as we can discover. The official character of the magistrate being admitted, his docket was produced. From this it appeared that Tom Dillingham and John Royal had been arrested upon an affidavit which charged them jointly with stealing a cow, the property of one Shuflin; that the cause was entitled the State of Arkansas, plaintiff v. Dillingham and Royal, defendants; that they demanded and were accorded separate trials; that Royal's case was first investigated and the charge against him was dismissed; that the Justice then proceded to examine into the case against Dillingham and he was held to bail for his appearance at Circuit Court. The court, upon inspection of this record, refused to permit it to go before the jury, because the style of the case on the Justice's docket, was against the two defendant's jointly, and the indictment described the cause as an examination of Dillingham alone on a charge of grand larceny.

The State then offered in evidence the original subpœna and the officer's return thereon to show that Shuflin was cited to appear before the Justice and testify against Dillingham alone and not against Royal. This also was excluded.

<div style="margin-note">1. EVIDENCE

Variance from pleading.</div>

The State then offered to prove by Shuflin that, after he had been subpœnaed as a witness against Dillingham and while the examination of the charge was still pending, Mrs. Dillingham offered him at first $75 and afterwards $175 to absent himself from the court and not testify in said cause. But the evidence was ruled out. And the court directed the jury to return a verdict of not guilty and the defendant was discharged.

The variance between the indictment and the proposed proof, with regard to the style of the cause, was an extremely technical objection. After the severance of the accused and especially after the Justice had decided that there were no reasonable grounds for detaining Royal, the case stood against Dillingham only. That the Justice continued his entries under the original heading, was wholly immaterial.

2. No trial without plea. But without plea there could be no valid trial. 1 *Bishop Cr. Pro.*, Sec. 733; *Lacefield v. State*, 34 *Ark.*, 275.

Reversed and remanded with directions to require Mrs. Dillingham to plead to the indictment and for further proceedings.