## HOBBS *v.* STATE.

### Opinion delivered June 1, 1908.

1. INSTRUCTION—FAILURE TO MAKE REQUEST.—Failure of the court to instruct the jury as to reasonable doubt or other matters in a criminal case was not error where there was no request therefor.  (Page 361.)

2. CRIMINAL PROCEDURE—WANT OF ARRAIGNMENT AND PLEA.—A conviction in a felony case will not be reversed because the defendant was put upon trial without a formal arraignment and plea of not guilty, if the record shows that the defendant received every right which he would have received had he been duly arraigned and pleaded. (Page 361.)

3. EVIDENCE—THREATS.—In a prosecution for assault with intent to kill a certain one of the R. brothers, it was admissible to prove that defendant had previously threatened to beat the R. brothers or some one of them not specified.  (Page 363.)

4. APPEAL—INTERLINEATIONS ON TRANSCRIPT.—Lead-pencil interlineations upon a transcript, which are unauthenticated and unexplained, can not be regarded as part of the transcript.  (Page 363.)

Appeal from Pope Circuit Court; *J. Hugh Basham,* Judge; affirmed.

*U. S. Meade,* for appellant.

1.  Nowhere in the court's instructions was the defendant given the benefit of a reasonable doubt as to his guilt.   Kirby's Dig. § 2386-7; 38 Ark. 304; 36 *Id.* 127; 20 *Id.* 166.

2.  Defendant was never arraigned, nor did he ever waive arraignment nor pleaded.   39 Ark. 180; 34 *Id.* 275.

3.  The declarations and acts of persons who happened to be with accused shortly before a crime should not go to a jury without an explanation and caution from the court as to the purpose for which they were admitted, and when they should be considered and when not.   77 Ark. 444; 32 *Id.* 220.   A *prima facie* case of conspiracy must first be made before evidence of a conspirator can be made.   Cases *supra.*

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

1.  No request was made for an instruction upon a reasonable doubt, nor is the omission made ground for new trial.   71 Ark. 475; 47 *Id.* 196; 75 *Id.* 373; 76 *Id.* 163; 77 *Id.* 455.

2. While the record is silent as to arraignment and plea, yet, if omitted, it is not cause for reversal in the absence of prejudice.   55 Ark. 342; 18 S. W. 239; 72 Ark. 145.

3. Lead pencil interlineations, unauthenticated and unexplained, do not make a record for appellate court.   84 Ark. 95.

HILL, C. J.   Dave and Sam Hobbs were jointly indicted by the grand jury of Pope County, charged with assault with intent to kill and murder one Bill Rolls.   Harry Moore was at the same time indicted for the same offense.   On separate trial, Dave Hobbs was convicted of aggravated assault, fined $50 and sentenced to six months in the county jail, and has appealed.

The first alleged error is the failure of the court to instruct as to reasonable doubt.   The court gave but one instruction, and it was not excepted to, and the appellant did not ask for a reasonable doubt instruction to be given.   "As the defendant asked for no instruction on that point, he has, under our practice, no right to complain that the court did not give it." *Scott* v. *State,* 77 Ark. 455.   This principle was applied to the instruction on reasonable doubt in *Mabry* v. *State,* 80 Ark. 435.

Appellant also complains of the court not having instructed on other matters upon which he alleges the court should have instructed.   "If the defendant or plaintiff desires other instructions, he may ask them; but if he fails to do so, and remains voluntarily silent, he cannot complain." *Holt* v. *State,* 47 Ark. 196.

The next alleged error is that the record shows affirmatively that the defendant was never arraigned, and that he did not waive arraignment, before being put upon trial.   The record shows that the defendant demurred to the indictment, which was overruled, to which he excepted, and then both parties announced ready for trial, whereupon the trial proceeded.   The appellant cites *Baker* v. *State,* 39 Ark. 180, and *Lacefield* v. *State,* 34 Ark. 275, to sustain his contention that if a defendant is tried without plea that is cause for arresting judgment, and, upon failure of the trial court to arrest it, for the Supreme Court to reverse it.   These cases do sustain that position, and also *Perry* v. *State,* 37 Ark. 54, and *State* v. *Dillingham,* 43 Ark. 154.   These decisions, although not expressly named, were in fact overruled by *Hayden* v. *State,* 55 Ark. 342, where the same point was raised and de-

cided otherwise. In that case, the defendant was represented by counsel and announced himself ready for trial, and was accorded every right that he could have availed himself of under the most formal record entry of his plea. The court said that the only object of his plea was to make an issue, and the whole record showed that an issue was made, and that the failure of arraignment or waiver of arraignment should be disregarded. Chief Justice Cockrill, delivering the opinion, said: "To disregard the trial then, and say there was nothing to try because without a plea there was no issue, and without an issue there could be no trial, would be to sacrifice the truth for a system of casuistry which was originally resorted to by the courts only to avoid the bloody consequences of the enforcement of the criminal code of a prior century. The necessity for such niceties of reasoning has passed away."

In *Brewer* v. *State,* 72 Ark. 145, it was also contended that the judgment of the trial court should be reversed because the defendant was put upon trial without a formal arraignment and plea of not guilty. Judge Riddick for the court said: "There are several decisons that support that contention in the earlier reports of this court, but those cases have been overturned by later decisions." He then quoted from *Hayden* v. *State, supra.* In *Lee* v. *State,* 73 Ark. 148, Mr. Justice Riddick again called attention to the fact that *Perry* v. *State,* and *Lacefield* v. *State* had been overruled by *Hayden* v. *State.*

In order that these cases may not longer be cited as authority, they are hereby expressly overruled.

While the sounder view is to hold it non-prejudicial error to fail to have arraignment and plea where the rights of the defendant are properly preserved, it is not meant to encourage any disregard of the statutes requiring arraignment of and pleading by defendants indicted for felonies. The law places this duty upon the trial courts, and they are not warranted in disregarding it. The statutes on the subject (sections 2272-8, Kirby's Digest) provided a simple and proper procedure to acquaint the defendant with the charge against him and receive his plea to it, and to see that he has counsel for his defense. It is an orderly and formal way to bring the defendant to the bar of justice, and to ascertain his defense, and thereby put the case

at issue. But where the record shows that the defendant has received every right which he would have received had he been duly arraigned and had pleaded, then there is no prejudicial error in not having him arraigned and receiving his plea; and, under the Code, this court is only authorized to reverse where the error has been prejudicial. Section 2605 of Kirby's Digest.

The next alleged error is in admitting testimony as to threats of the defendant that he would beat the Rolls boys. In some places the threat was against one of the Rolls, the witnesses not specifying which one; in another against the Rolls boys; and in another against the Rolls. This testimony was not like the testimony rejected in *Casteel* v. *State,* 73 Ark. 152, and *Deal* v. *State,* 83 Ark. 58, where the threat was of general malevolence, and not specifically against the party subsequently attacked. These threats were specific as to one or the other of two brothers, and generally included the attacked party, and the fact that they were directed to his brother also took away none of the malevolence towards the party subsequently attacked.

Various other objections are made to testimony of acts and words of Sam Hobbs and Harry Moore. The conspiracy of the defendant and these parties to do bodily harm to the Rolls was abundantly proved, and the testimony admitted was within the principle stated in *Lawson* v. *State,* 32 Ark. 220, and *Chapline* v. *State,* 77 Ark. 444.

Objection is made to the refusal of the court to admit testimony identifying a knife belonging to one of the Rolls. If there was any merit in the objection, it is not preserved in such a way that the court can regard it. The exceptions to the rulings of the court in this particular appear as lead pencil interlineations of a type-written record. These are unauthenticated and unexplained, and cannot be regarded as a part of the transcript. *Johnson* v. *State,* 84 Ark. 95.

Other matters have been presented, all of which have been considered by the court, and no error is found.

Judgment affirmed.