SLIP OPINION

Cite as 2015 Ark. 435

# SUPREME COURT OF ARKANSAS.

No. CR–13–514

| | |
|---|---|
| BRUCE WAYNE BROWN **APPELLANT** | **Opinion Delivered** November 19, 2015 |
| V. | PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-10-272] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | REVERSED AND REMANDED. |

**PER CURIAM**

In 2013, appellant Bruce Wayne Brown filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015). The timely petition challenged his conviction for the rape of his minor stepdaughter and life sentence, following this court affirming the judgment in *Brown v. State*, 2012 Ark. 399, 424 S.W.3d 288 ("*Brown I*"). The trial court summarily denied the Rule 37.1 petition and a petition to supplement in an order entered on March 6, 2013. Brown lodged an appeal in this court.

After the State alleged that the petition had not been properly verified, this court remanded the matter for findings of fact. *Brown v. State*, 2015 Ark. 97 (per curiam) ("*Brown II*"). Following the remand, the trial court returned an amended order that found, without a hearing, that the petition had not been verified as required by the rule, based on the face of the document, and that the petition should therefore be dismissed. Brown filed a motion in response to the amended order in which he sought to introduce evidence concerning the verification issue. On July 23, 2015, this court remanded for a second time, directing the

1

SLIP OPINION

trial court to hold an evidentiary hearing and return findings of fact on the verification of the Rule 37.1 petition within ninety days. *Brown v. State*, 2015 Ark. 311 (per curiam) ("*Brown III*").

The trial court has now returned a transcript and findings of fact on the verification issue.[1] The findings indicate that the State has stipulated that the verification that appears on the petition is in substantial compliance with the requirements of Rule 37.1. Having resolved the question of whether the petition was properly verified, we now turn to the summary disposition of Brown's Rule 37.1 petition.

We note that it is unclear from the initial order on what basis the trial court relied to deny the petition and the petition to supplement. The March 6, 2013 order simply states that "from the matters and representations to the Court, the Court finds that both of the Defendant's Petitions should be denied." Under Arkansas Rule of Criminal Procedure 37.3, in order to summarily deny a Rule 37.1 petition without a hearing, the trial court is required to make written findings of fact, which specify any parts of the files or records that

---

[1] The supplemental record on the verification issue was lodged here on October 29, 2015. On November 12, 2015, the trial court lodged a second supplemental record in response to our remand. The supplemental record, however, reflects that, following the hearing to address the issue of verification, a hearing was conducted for the purpose of addressing the merits of Brown's Rule 37.1 petition. Brown objected to the proceedings on the basis that the trial court did not have jurisdiction to address issues outside the remand while the appeal was still pending in this court. The trial court's March 6, 2013 order denying the Rule 37.1 petition was a final order. Ark. R. Crim. P. 37.2(d). When the record was lodged for appeal, the trial court was divested of jurisdiction concerning issues to be addressed in this court. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam) (citing *Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996)). Our previous order in *Brown III* limited remand to the question of the verification of the Rule 37.1 petition. Accordingly, until our final disposition of the appeal in this order, the trial court was without jurisdiction to conduct further proceedings on the merits of the petition, even if the basis for denying the Rule 37.1 petition was lack of verification.

are relied on to sustain the court's findings, and those findings must conclusively show that the petitioner is entitled to no relief. *Beverage v. State*, 2015 Ark. 112, 458 S.W.3d 243. It is not incumbent on this court to scour the record in a Rule 37 appeal to determine if the petition is wholly without merit when there are no written findings. *Rackley v. State*, 2010 Ark. 469 (per curiam). The failure to make sufficient written findings is reversible error. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

The circuit court's original order denying Rule 37 relief lacks the requisite findings. Accordingly, we reverse and remand for an appropriate order complying with Rule 37.3. *See Barrow v. State*, 2012 Ark. 197. On remand, the trial court may, at its option, determine that it should in fact conduct a hearing in order to enter an order that complies with our rules of procedure. *See, e.g.*, *Rackley*, 2010 Ark. 469. If the order then entered is adverse to Brown, he will be required to perfect an appeal of the new order in compliance with our rules of procedure. *See, e.g.*, *Walden v. State*, 2014 Ark. 10 (per curiam).

Reversed and remanded.

*Bruce W. Brown*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: ,*Kent G. Holt*, Ass't Att'y Gen., for appellee.