2017 Ark. 365

**Thomas C. ORTEGA, Appellant**

v.

**STATE of Arkansas, Appellee**

**No. CR–17–253**

Supreme Court of Arkansas.

Opinion Delivered December 14, 2017

ROBIN F. WYNNE, Associate Justice

Appellant Thomas C. Ortega was convicted of rape and sentenced as a habitual offender to life imprisonment. *Ortega v. State*, 2016 Ark. 372, 501 S.W.3d 824. Ortega timely filed a verified pro se postconviction petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2016), alleging grounds of prosecutorial misconduct, trial-court error, and ineffective assistance of counsel. The trial court denied relief, and Ortega lodged an appeal in this court from the denial of relief and has now filed a motion for extension of time to file his brief. Because it is clear that Ortega cannot prevail on appeal, we dismiss the appeal, and Ortega's motion is moot.

An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Justus v. State*, 2012 Ark. 91, 2012 WL 664259. This court will not reverse the trial court's decision granting or denying

postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

## I. *Prosecutorial Misconduct*

In his Rule 37.1 petition, Ortega merely used the term "prosecutorial misconduct" without any supporting facts or argument. This court has held that a claim of prosecutorial misconduct is "an issue that could have been raised at trial." *Howard v. State*, 367 Ark. 18, 27, 238 S.W.3d 24, 32 (2006). Therefore, an issue of alleged prosecutorial misconduct is an issue that should have been raised at trial and on direct appeal and is not cognizable in a Rule 37.1 petition. To the extent Ortega attempted to raise a claim of prosecutorial misconduct in his Rule 37.1, it is not cognizable.

## II. *Trial–Court Error*

Ortega's argument that the trial court abused its discretion when it found sufficient evidence for the case to be presented to the jury under one of two alternative theories for rape—that he engaged in sexual intercourse or deviate sexual activity with another person by forcible compulsion or that the victim was incapable of consent because she was physically helpless—is also not cognizable in a Rule 37.1 proceeding. Assertions of trial-court error, even those of constitutional dimension, must be raised at trial and on direct appeal. *See Howard*, 367 Ark. at 26, 238 S.W.3d at 32; *see also Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000). Furthermore, to the extent Ortega's challenge here can be construed as a challenge to the sufficiency of the evidence or a claim of

actual innocence, such a challenge is a direct attack on the judgment and is not cognizable in a Rule 37.1 proceeding. *Scott v. State*, 2012 Ark. 199, at 6, 406 S.W.3d 1, 4. The trial court properly denied relief, finding that any allegation of an abuse of discretion or trial-court error should have been raised before and was not the basis for Rule 37.1 relief.

## III. *Ineffective Assistance of Counsel*

Ortega also argued that his trial counsel was ineffective for failing to prepare or present the affirmative defense of "consentual sexes[,]" for failing to argue a specific basis on which the motion for directed verdict "could be so had as a matter of law[,]" and for failing to develop evidence that would have allowed the jury to weigh the reasonable hypothesis consistent with his innocence. These allegations do not support an ineffective-assistance-of-counsel claim.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on the totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Howard*, 367 Ark. at 31–32, 238 S.W.3d at 35–36. Under the two-prong standard outlined in *Strickland*, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the defi-

cient performance prejudiced his defense. *Id.* The reviewing court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The petitioner claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.* The second prong requires a petitioner to show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. *Id.* Consequently, the petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

Although Ortega contends that his trial counsel did not present a defense for consensual sex, his argument fails. Consent may be a defense to a rape by forcible compulsion but cannot be a defense to a rape of a person who is physically helpless because he or she is, by definition, incapable of consent.[1] *See State v. Parker*, 2010 Ark. 173, 2010 WL 1507232. However, raising the defense of consent is a factual issue in a rape prosecution and should be addressed at trial and on direct

---

1. Ortega was charged and tried under alternate theories of rape. A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5–14–103(a)(1) (Repl. 2013). A person also commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is incapable of consent because he or she is physically helpless. Ark. Code Ann. § 5–14–103(a)(2)(A).

appeal. *Id.* at 5–6 (victim was physically helpless at the time of sexual intercourse making factual issue of consent irrelevant in rape prosecution). During Ortega's direct appeal, he asked this court to make credibility determinations and argued that "substantial evidenced support[ed] an act of consensual sexual intercourse." *Ortega*, 2016 Ark. 372, at 4, 501 S.W.3d at 827. Specifically, he argued that there was evidence that contraindicated forcible compulsion and that the evidence was insufficient to show that the "victim was too intoxicated to consent to sexual intercourse." *Id.* at 4–5, 501 S.W.3d at 827. Trial counsel raised a consensual-sex defense, and the claim was addressed on direct appeal and failed.

 Although Ortega claims counsel should have argued a specific basis in his motions for directed verdict so as to have them granted as a matter of law, this court noted that "defense counsel made a specific motion for directed verdict at the close of the State's case, and renewed the motion at the close of all the evidence." *Ortega*, 2016 Ark. 372, at 4, 501 S.W.3d at 826–27. Counsel cannot be found to be ineffective for failing to make an argument that is without merit. *See Camargo v. State*, 346 Ark. 118, 128, 55 S.W.3d 255, 262–63 (2001); *see also Noel v. State*, 342 Ark. 35, 44, 26 S.W.3d 123, 129 (2000). Trial counsel made the motions for directed verdict, and Ortega has failed to state any additional grounds for the motion that counsel should have or could have advanced to the trial court that would have resulted in a directed verdict for the defense.

 Trial counsel's failure to present evidence that would allow the jury to weigh a reasonable hypothesis consistent with his innocence was not ineffective assistance. A conclusory claim without factual substantiation will not support a basis for postconviction relief. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. Nevertheless, to the extent Ortega's challenge here can be construed as a challenge to the sufficiency of the evidence or a claim of actual innocence, such a challenge is a direct attack on the judgment and is not cognizable in a Rule 37.1 proceeding. *Scott*, 2012 Ark. 199, at 6, 406 S.W.3d at 4; *see Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000).

 Regarding Ortega's generalized claims that trial counsel was ineffective because the consensual-sex defense, directed-verdict motions, and failure-to-establish-evidence-of-actual-innocence claim did not result in a different outcome at trial, Ortega fails to establish that counsel was ineffective. Where it is asserted that counsel was ineffective for failure to make an argument, the petitioner must show that the argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. Ortega failed to state the nature or scope of any argument that trial counsel should have made or any prejudice suffered. The trial court properly denied relief, and Ortega fails to demonstrate that he was entitled to postconviction relief.

Appeal dismissed; motion moot.

Wood, J., concurs.

Hart, J., dissents.

Rhonda K. Wood, Justice, concurring.

I join the majority, but write separately to address the dissent's criticism of this court. This court places enormous emphasis on ensuring that every litigant receives full consideration. The fact that we staff four attorneys and a deputy clerk whose jobs are devoted to postconviction

cases clearly demonstrates the attention we give to these matters. I commend our criminal justice coordinator and the staff for their commitment to ensuring every matter is given thorough and thoughtful review. In addition to the criminal justice office's review, this court also carefully considers every Rule 37 case as we do all matters before us.

The dissent discounts the fact that we have afforded appellate relief in over four hundred Rule 37 cases. Its suggestion that we are careless in our review of postconviction matters and in our decisions to reverse circuit courts, affirm circuit courts, or remand for further proceedings only disserves this court and the litigants before us. I am confident that we ensure all litigants have an opportunity to be heard. *See, e.g., Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003); *Collins v. State*, 365 Ark. 411, 231 S.W.3d 717 (2006); *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999); *Jackson v. State*, 343 Ark. 613, 37 S.W.3d 595 (2001); *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001); *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004); *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001); *Reed v. State*, 375 Ark. 277, 289 S.W.3d 921 (2008); *Porter v. State*, 339 Ark. 15, 2 S.W.3d 73 (1999); *McGehee v. State*, 344 Ark. 602, 43 S.W.3d 125 (2001); *Rackley v. State*, 2010 Ark. 469, 2010 WL 4922390; *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004); *Scott v. State*, 351 Ark. 619, 96 S.W.3d 732 (2003); *Engram v. State*, 2013 Ark. 424, 430 S.W.3d 82, *Olivarez v. State*, 2012 Ark. 24, 2012 WL 234632; *Brown v. State*, 2015 Ark. 435, 474 S.W.3d 498; *Coleman v. State*, 338 Ark. 545, 998 S.W.2d 748 (1999); *Carter v. State*, 342 Ark. 535, 29 S.W.3d 716 (2000).

Josephine Linker Hart, Justice, dissenting.

Mr. Ortega timely filed a motion in this court asking for just one thing: additional time to complete his appellate brief. No other issue was before this court on this case. Rule 4–4(f) of the Rules of the Arkansas Supreme Court expressly provides for the filing of such a motion for extension of time to file a brief, and Mr. Ortega complied with the requirements of the rule. Yet, the majority has summarily dismissed his case, purportedly because he could not prevail on the merits. Remarkably, the conclusion that Mr. Ortega could not prevail on the merits of his appeal was made *before Mr. Ortega even filed his brief.*

The Arkansas Constitution gives Mr. Ortega the right to appeal the circuit court's denial of his petition for Rule 37 relief. See Ark. Const. amend. 80, § 11. The due process that Mr. Ortega is entitled to is defined by our various rules of appellate procedure. This includes the previously mentioned Rule 4–4, which gives every appellant the right to request additional time to file his or her brief. While summary dismissal of an appeal is possible under our rules, that drastic consequence may be invoked only if an appellant fails to timely file a brief. Ark. Sup. Ct. R. 4–5. Accordingly, summary dismissal of Mr. Ortega's appeal after he timely filed a motion for an extension of time to file his brief does not comport with our rules. It is inconceivable that any of my colleagues, experienced jurists all, would intentionally set out to deprive Mr. Ortega his right to due process; however that is the effect of the majority opinion.

Relief pursuant to a Rule 37 petition is defined by Rule 37.4, which states that "the circuit court may set aside the original judgment, discharge the petitioner, resentence him or her, grant a new trial, or otherwise correct the sentence, as may appear appropriate in the proceedings. It

is an extraordinarily rare remedy; virtually no one has received Rule 37 "relief" since the Rule was adopted by this court on October 29, 1990. I am aware of only two cases in which a prisoner received Rule 37 relief: *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002), and *Rackley v. State*, 2014 Ark. 39, 2014 WL 346713. *Flores* is atypical in that Flores's appellate attorney preserved an ineffective-assistance-of-counsel claim in a posttrial motion and argued it in his direct appeal.[1] Flores was also represented by counsel.

*Rackley*, on the other hand, involved a pro se petition for Rule 37 Relief in which Rackley asserted that his trial counsel was ineffective because he represented both father and mother in a child sexual-abuse prosecution and this had presented an irredeemable conflict. After the circuit court summarily dismissed his petition, this court reversed and remanded the case for an evidentiary hearing and factual findings. *Rackley v. State*, 2010 Ark. 469, 2010 WL 4922390 (per curiam). After the circuit court again denied Rackley Rule 37 relief, this court reversed and remanded the case for a new trial in an opinion signed by Justice Cliff Hoofman.

I am mindful that occasionally, this court reverses summary dismissal of a Rule 37 petition and orders the circuit court to make specific findings of fact. That disposition is little more than direction to comply with the mandatory language of Rule 37.3(a), which states:

(a) If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court *shall make written findings* to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

(Emphasis supplied.) The fact that remanding for factual findings was the so-called "appellate relief" touted by the concurring justice is troubling indeed.[2]

Considering the clarity of Rule 37.3(a), when this court remands a Rule 37 case to a circuit court to make mandatory factual findings, it seems to indicates that at least some of the trial courts of this state hold this remedy in very low regard. This is particularly troubling because 11 of the 19 cases cited by the concurring justice are death-penalty cases. *Engram v. State*, 2013 Ark. 424, 430 S.W.3d 82; *Sanders v. State*, 2011 Ark. 127, 2011 WL 1176243; *Green v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004); *Collins v. State*, 365 Ark. 411, 231 S.W.3d 717 (2006); *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004); *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001); *McGehee v. State*, 344 Ark. 602, 43 S.W.3d 125 (2001); *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001); *Jackson v. State*, 343 Ark. 613, 37 S.W.3d 595 (2001); *Porter v. State*, 339 Ark. 15, 2 S.W.3d 73 (1999); *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999). Because the petitioners in those cases are under sentences of death, Rule 37.5 provides special exemption from many of the procedural defaults that snare convicted persons facing lesser sanctions.

Rule 37 could be an invaluable tool for this court to assess whether the State of

---

1. The issue that Flores prevailed on, that he was forced to go to trial in jail clothing, was not otherwise cognizable on direct appeal because, as the *Flores* court noted, "Trial counsel failed to file any pretrial motions, failed to make any trial motions, failed to object to any evidence presented at trial. Trial counsel's inaction waived all possible issues, constitutional or procedural, to be raised on appeal." 350 Ark. at 206, 85 S.W.3d at 900–01.

2. I note that in two of the cases cited by the concurring justice, even this so-called "appellate relief" was not afforded the petitioner. In those cases the denial of Rule 37 relief was affirmed.

Arkansas is providing competent counsel as the state and federal constitutions require. However, as a long-serving supreme court justice once noted that Rule 37 was adopted to keep this issue out of federal courts. In my view, this was a grave error.

Effective counsel means more than simply posting a lawyer with a law license at the defense table. In the real world, there are few Perry Mason moments where the real perpetrator is discovered and the defendant is set free. However, competent defense counsel is essential in helping the finder of fact to decide the nature and level of culpability for a particular criminal act. The most obvious example is the determination of whether a homicide was first-degree murder or a lesser offense, possibly even manslaughter. The determination of the proper level of culpability directly corresponds to the length of a prison sentence. Ours is an adversarial system; without a competent defense, a criminal defendant could easily receive a much greater sentence than the law contemplates. There is no state interest in keeping a person in prison beyond the time set by the legislature for a particular crime. Moreover, with Arkansas's prison population exceeding 19,000, unjustly long sentences are something that we simply cannot afford.

However, rather than trusting federal habeas proceedings, we have instituted a state-court process that generally does not provide indigent incarcerated people with assistance of counsel to draft their petition in which the allegations of ineffective-assistance of counsel must be raised. Furthermore, without an additional filing, it is unlikely that these pro se petitioner will even have a copy of his trial transcript to work with. In the case before us, Mr. Ortega stated as one of his grounds for requesting additional time the fact that he did not have access to his trial transcript.

Finally, those incarcerated persons who receive an evidentiary hearing almost always have the proceeding presided over by the same trial judge who presided over the criminal trial.

While Rule 37 allows petitions to be handwritten, the petitioner is limited to no more than ten pages regardless of whether it is typed or handwritten. Ark. R. Crim. P. 37.1(b). Furthermore, each page is limited to thirty lines and fifteen words per line. *Id.* Inexplicably, Mr. Ortega submitted his petition on a preprinted form that required him to state his grounds for asserting ineffective assistance of counsel on just fifteen lines. The form also provided additional space of 23 lines for other asserted reasons for postconviction relief. Accordingly, it is not surprising that the circuit court—and a majority of this court—found Mr. Ortega's petition wanting. In my view, this form requires further investigation. A copy of this form should be forwarded to the Supreme Court Committee on the Unauthorized Practice of Law.

I have not decided the merits of Mr. Ortega's case because it is inappropriate to do so. The issue at this point in the appellate process is whether we grant Mr. Ortega additional time to complete his brief. Until Mr. Ortega files his brief, he has not perfected his appeal.

I respectfully dissent.