JOHN DAN KEMP, Chief Justice
This court granted appellant Edmond McClinton's request to proceed with an appeal of the denial of his petition under Arkansas Rule of Criminal Procedure 37.1 (2017). McClinton filed the motions before us in which he seeks permission from this court to include in the addendum of his brief a portion of the trial court's docket listing, a document filed in district court and an appendix. We need not consider the motion because it is clear that McClinton's Rule 37.1 petition did not include a meritorious claim for relief, and the trial court did not clearly err in denying postconviction relief. The appeal is dismissed, and the motions are moot.
McClinton filed his petition requesting relief under Rule 37 and requesting error coram nobis relief. The trial court originally dismissed the petition because it found the petition was untimely under the Rule and because it did not have jurisdiction to entertain a petition for a writ of error coram nobis when this court had not granted permission to McClinton to seek the writ. On appeal, this court reversed and remanded in part, holding that the circuit court clerk was to file-mark the petition as timely under Rule 37, and we affirmed the trial court's dismissal to the extent that McClinton sought the writ. McClinton v. State , 2016 Ark. 461, 506 S.W.3d 227 (per curiam).
On remand, the trial court considered McClinton's claims in the petition for Rule 37 relief.[1] McClinton alleged that the trial court did not have jurisdiction to convict him because he did not receive a preliminary, first appearance, "bind-over," or probable-cause hearing or there were irregularities concerning those hearings; because his arrest was invalid in that there was no warrant or probable cause; and because he was not indicted by a grand jury. He alleged that he had not received due process as a result of these errors, that there was insufficient evidence to convict him, and that his trial attorneys were *862 ineffective because the due-process errors concerning his arrest and detention were not raised.
Based on its review of the record, the trial court denied and dismissed the petition. In the order, the trial court set out its findings, which included determinations that
McClinton's claims that the evidence was insufficient were not cognizable in the proceedings, that any trial errors concerning his arrest or first appearance hearing would not support relief under Rule 37, that McClinton was properly charged by criminal information rather than by a grand jury indictment and that McClinton had failed to show either deficient performance or prejudice to establish ineffective assistance of counsel.
McClinton filed his timely notice of appeal, but the record was not submitted within the time allowed under our rules. The record that was submitted by the circuit clerk also failed to include McClinton's petition addressed by the order. In addition to granting McClinton's motion to proceed with the appeal, this court directed the circuit clerk to provide a supplemental record with that document. The supplemental record has been received, and McClinton has filed his brief.
An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward when it is clear that the appellant could not prevail. Ortega v. State , 2017 Ark. 365, 533 S.W.3d 68. This court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, 534 S.W.3d 143. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the trial court made a mistake. Id.
Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Lee v. State , 2017 Ark. 337, 532 S.W.3d 43. The benchmark for judging a claim of ineffective assistance of counsel must be
"whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland , 466 U.S. at 686, 104 S.Ct. 2052. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Lee , 2017 Ark. 337, 532 S.W.3d 43. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. Id.
McClinton's claims of trial court error, incorrectly framed as jurisdictional issues, were assertions that must be raised at trial and on direct appeal. Ortega , 2017 Ark. 365, 533 S.W.3d 68. Such claims are not cognizable in Rule 37 proceedings because Rule 37 is not available as a direct challenge to the admissibility of evidence or to raise questions of trial error, even questions of constitutional dimension. Lee , 2017 Ark. 337, 532 S.W.3d 43. For this court to address such a question when it is raised for the first time in Rule 37 proceedings, the appellant must show a fundamental error sufficient to void the judgment. Id. McClinton's allegations of error failed to make this showing and also failed to demonstrate prejudice that would support his claims of ineffective assistance of counsel through a failure to raise the errors.
An invalid arrest does not entitle a defendant to be discharged from responsibility for the offense, and a flaw in the *863 arrest procedure does not vitiate an otherwise valid judgment or constitute fundamental error sufficient to void a judgment. Biggers v. State , 317 Ark. 414, 878 S.W.2d 717 (1994). The court's jurisdiction to try the accused does not depend upon the validity of the arrest. Singleton v. State , 256 Ark. 756, 510 S.W.2d 283 (1974). A defendant who was fairly tried in a court of competent jurisdiction and found guilty is not entitled to be set free on the basis of some flaw in the manner of his arrest, and because no prejudice results from counsel's failure to raise such a challenge, the trial court correctly found that McClinton's counsel were not ineffective for failing to raise the issue. Id.
McClinton's allegations of other errors regarding his pretrial detention are much the same. An allegation concerning the lack of a prompt first appearance or proper arraignment is not one of fundamental error and does not render the judgment void; and because McClinton was tried by a jury on a plea of not guilty, he can, once again, demonstrate no prejudice resulting from such an error. See Scott v. State , 355 Ark. 485, 139 S.W.3d 511 (2003).[2]
This court has held many times that a defendant has no constitutional right to be indicted by a grand jury and that amendment 21 to the Arkansas Constitution, which permits indictment by information, is constitutional.
Bennett v. State , 307 Ark. 400, 821 S.W.2d 13 (1991). Failure to make a meritless objection is not ineffective assistance of counsel. Turner v. State , 2016 Ark. 96, at 4, 486 S.W.3d 757, 760. McClinton's ineffective-assistance claim on that issue likewise fails to demonstrate prejudice.
The trial court therefore correctly determined that McClinton was not entitled to relief on his allegations of trial error or ineffective assistance regarding those claims. As for his final claim of insufficient evidence, a direct challenge to the sufficiency of the evidence is not cognizable in Rule 37 proceedings. Scott v. State , 2012 Ark. 199, 406 S.W.3d 1. The trial court did not clearly err in denying postconviction relief, and McClinton cannot prevail on appeal.
Appeal dismissed; motions moot.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
I agree that Mr. McClinton's appeal should be dismissed. However, my reason for dismissing Mr. McClinton's Rule 37 appeal is even more basic than the majority's-we should dispose of the rule itself.
In the nearly thirty years since this court created the rule, I am aware of only two cases in which a prisoner received a new trial pursuant to Rule 37: Flores v. State , 350 Ark. 198, 85 S.W.3d 896 (2002), and Rackley v. State , 2014 Ark. 39, 2014 WL 346713.[1] Meanwhile, the procedural defaults that are distressingly common when an inmate attempts to invoke Rule *864 37 bars the inmate from pursuing habeas relief in federal court.
Furthermore, in light of this court's recent decision, Board of Trustees of the University of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616, Rule 37 must be unconstitutional. As the writing judge in Andrews noted, the plain language of article 5, section 20 of the Arkansas Constitution states that "the State of Arkansas shall never be made defendant in any of her courts," and emphasized that "never" means "never." This court determined that Rule 37 is a civil rather than criminal proceeding, and, most importantly, that the State of Arkansas is named as the defendant.
I believe that Rule 37 could have been an invaluable tool for this court to assess whether the State of Arkansas is providing competent counsel as the state and federal constitutions require. Effectiveness of counsel should be judged not merely on whether a case is won or lost but also on whether defense counsel was competent enough to help the finder of fact to decide the nature and level of culpability for a particular criminal act. Determining the proper level of culpability directly corresponds to the length of a prison sentence. Without a competent defense, a criminal defendant could easily receive a much greater sentence than the law contemplates. With Arkansas's prison population exceeding 19,000, ineffective counsel is something that we simply cannot afford.
I concur.

The record contains a second petition McClinton filed in the trial court seeking Rule 37 and declaratory-judgment relief. The order appealed did not address that petition.

In his brief, McClinton cites State v. Dillingham , 43 Ark. 154 (1884), for the proposition that there can be no valid trial without a formal plea from the defendant. This court noted in Hobbs v. State , 86 Ark. 360, 111 S.W. 264 (1908), that Dillingham was overruled by Hayden v. State , 55 Ark. 342, 18 S.W. 239 (1892). The decision in Hobbs , consistent with our more recent precedent, held that it was not prejudicial error, and a conviction in a felony case will not be reversed, because the defendant was put on trial without a formal arraignment and plea of not guilty, if the record shows that the defendant received every right that he would have received had he been duly arraigned and pleaded. 86 Ark. 360, 111 S.W. 264.

I am mindful that this court occasionally reverses summary dismissal of a Rule 37 petition and orders the circuit court to make specific findings of fact. That disposition is little more than direction to comply with the mandatory language of Rule 37.3(a), which states:
(a) If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.
(Emphasis supplied.) However, this is not "relief," but merely forestalling the inevitable.