Cite as 2019 Ark. 314

# SUPREME COURT OF ARKANSAS

**No.** CR–12–588

| | |
|---|---|
| JACKIE BREEDEN, JR.<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** November 7, 2019<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[BENTON COUNTY CIRCUIT COURT, NO. 04CR-10-1326]<br><br><u>PETITION DENIED</u>. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Jackie Breeden, Jr., brings this pro se petition to reinvest jurisdiction in the trial court to allow him to file a petition for writ of error coram nobis in his criminal case. In the petition, Breeden contends that the State withheld material evidence from the defense by not complying with pretrial discovery. Withholding evidence from the defense can constitute a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which is a ground for coram nobis relief, but Breeden's claim falls short of establishing that there was a *Brady* violation in his case. Accordingly, the petition is denied.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397,

17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## III. *Background*

In 2011, a jury found Breeden guilty of the rape of his minor child and sentenced him to life imprisonment. We affirmed. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5. The evidence adduced at trial established that Breeden had engaged in sexual intercourse with his daughter on multiple occasions before she reached the age of fourteen. When the child informed her mother of the abuse, the mother contacted authorities. A medical examination of the child revealed damage to her hymen that was consistent with sexual

2

penetration or trauma. When confronted with the accusations, Breeden admitted engaging in sexual relations with the child before she reached the age of fourteen.

## IV. *Claim of a* Brady *Violation*

To establish a *Brady* violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. The mere fact that a petitioner alleges a *Brady* violation is not sufficient to provide a basis for error coram nobis relief. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767; *see also Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (A mere naked allegation that a constitutional right has been invaded will not suffice to warrant coram nobis relief.).

Breeden alleges that the defense sought access during the pretrial discovery process to all records and evidence related to the charges, including all records compiled by the Department of Human Services ("DHS") during its investigation of the victim's claim that she was sexually abused. He contends that the State refused to release the DHS material, which contained a statement by the victim, and thus his attorney was unable to effectively cross-examine and impeach the victim's mother.

Breeden offers no substantiation for the assertion that the DHS material contained a particular statement by the victim that was favorable to the defense or that the State withheld the material. Furthermore, Breeden does not state the nature of the information in the victim's statement that could have been used to impeach the mother's testimony, and he does not address the overwhelming evidence brought out at trial that he engaged in

3

intercourse with the victim two or more times a week for several years, that there was evidence of vaginal trauma to the victim, and that he admitted the acts. In determining whether the petitioner was prejudiced, the totality of the evidence to support the judgment must be considered. *Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472. Breeden's conclusory allegations fail to demonstrate that the State concealed evidence or that he suffered prejudice sufficient to establish that a *Brady* violation occurred. The petitioner seeking to reinvest jurisdiction in the trial court bears the burden of presenting facts to support the claims for the writ because an application for the writ must make a full disclosure of specific facts relied on and not merely state conclusions as to the nature of such facts. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Breeden has not met his threshold burden of demonstrating a fundamental error of fact extrinsic to the record that was concealed from the defense and that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Id.*

Finally, Breeden concedes that he cannot support the grounds for relief contained in his petition with facts and asks that this court reinvest jurisdiction in the trial court so that it can gather evidence and make the determination as to whether the DHS material contained information that "probably would have changed the outcome of the trial." In short, Breeden seeks to have the trial court conduct an investigation of his allegations. This court will not reinvest jurisdiction on a petition that is founded on the petitioner's desire to search out factual support for a conclusory allegation.

Petition denied.

HART, J., dissents.

4

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Both the Supreme Court of the United States and this court have already addressed this situation. Due Process requires that Breeden at least receive an in camera review of the DHS file by the circuit court. *See Taffner v. State*, 2018 Ark. 99, at 11, 541 S.W.3d 430, 437 (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 (1987) ("(Defendant) is entitled to have the (DHS) file reviewed by the trial court to determine whether it contains information that probably would have changed the outcome of his trial. If it does, he must be given a new trial. If the records maintained by (DHS) contain no such information, or if the nondisclosure was harmless beyond a reasonable doubt, the lower court will be free to reinstate the prior conviction.")). That *Taffner* and *Ritchie* were decided on direct appeal is of no moment; *Brady* violations are supposedly cognizable in error coram nobis proceedings, as noted in the majority opinion.

*Jackie Breeden, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.