Cite as 2021 Ark. App. 81

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-20-308

|  |  |
|---|---|
| BENJAMIN MICKEY PITTS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 24, 2021<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-14-376]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Benjamin Pitts appeals the circuit court's denial of his Rule 37 petition. We affirm.

A Garland County jury convicted Pitts of second-degree murder, two counts of first-degree battery, possession of a firearm by certain persons, and aggravated residential burglary. Pitts was sentenced to an aggregate term of eighty years in the Arkansas Department of Correction. On direct appeal, Pitts raised two points. He argued that the circuit court erred in denying his motion to dismiss for violation of his right to a speedy trial and in denying his motion to suppress custodial statements made to his parole officer. We affirmed his conviction in *Pitts v. State*, 2019 Ark. App. 107, 571 S.W.3d 64, and denied Pitts's petition for rehearing. The mandate issued on April 2, 2019.

On April 22, Pitts, filed a pro se verified petition for Rule 37 relief, which the circuit court found did not conform to Rule 37.1 and dismissed it without prejudice to allow Pitts to file a conforming petition. Pitts refiled two more amended petitions, and both were

dismissed without prejudice. On September 19, 2019, Pitts filed his fourth amended petition, and on February 7, 2020, the circuit court denied Pitts's petition. The circuit court found that Pitts supplemented his petition without leave of the court in violation of Rule 37 and addressed and denied each of Pitts's ineffective-assistance-of-counsel claims.

Pitts timely filed his notice of appeal.

As a preliminary matter the State urges our court to dismiss Pitts's appeal, arguing that we do not have jurisdiction. The State contends that the circuit court lost jurisdiction to hear Pitts's petition because he filed his fourth amended petition after the sixty-day deadline for filing for Rule 37 relief. We disagree.

If an appeal was taken of the judgment of conviction, a petition claiming relief under Rule 37 must be filed in the circuit court within sixty days of the date the mandate is issued by the appellate court. Ark. R. Crim. P. 37.2(c)(ii). Before the court acts upon a petition filed under this rule, the petition may be amended with leave of the court. Ark. R. Crim. P. 37.2(e). Time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if they are not met, the circuit court lacks jurisdiction to grant postconviction relief. *Wright v. State*, 2011 Ark. 356. However, in *Barrow v. State*, 2012 Ark. 197, the supreme court held that jurisdiction is conferred on the circuit court when the appellant files a timely, verified petition, and after that, the circuit court has jurisdiction to allow the appellant to file an amended petition, pursuant to Ark. R. Crim. P. 37.2(e). In *Barrow*, as in the instant case, the appellant initially filed a verified petition within the sixty-day time limit. The court dismissed the petition without prejudice and ordered him to file a conforming petition

2

within ten days. Barrow filed his amended petition seven days later, which was a few days after the sixty-day time limit. Our supreme court held that

> jurisdiction was conferred on the circuit court when Barrow filed a timely, verified petition on December 2, 2010. See Ark. R. Crim. P. 37.2(c)(ii). It appears that the State is contending that the circuit court did not have jurisdiction of the matter because a petition in compliance with Rule 37.1(b) was not filed within sixty days of the date that the court of appeals had issued the mandate. Rule 37.1(b), however, is not jurisdictional in nature. Once jurisdiction was established by Barrow's timely filing of a verified petition on December 2, 2010, the circuit court had discretion to allow Barrow to file an amended petition. See Ark. R. Crim. P. 37.2(e).

*Barrow*, 2012 Ark. 197, at 5. The mandate for Pitts's direct appeal issued April 2, and the State concedes that he timely filed his first verified Rule 37 petition on April 22. With leave of the court, Pitts filed three more amended petitions; thus, pursuant to *Barrow* and Rule 37.2, the circuit court had jurisdiction to hear Pitts's Rule 37 petition. We proceed to the merits and affirm.

When reviewing a circuit court's ruling on a petitioner's request for Rule 37.5 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*, 60 S.W.3d at 406.

When considering an appeal from a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, considering the totality of the evidence under the standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly

3

erred in holding that counsel's performance was not ineffective. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). In making this determination, we must consider the totality of the evidence. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. A court must indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*, 387 S.W.3d 143.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.*, 387 S.W.3d 143. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard*, 367 Ark. 18, 238 S.W.3d 24. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*, 238 S.W.3d 24. Unless a petitioner makes both showings, it cannot be said that the

SUBSTITUTED BY 2021 ARK. APP. 242

4

conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*, 238 S.W.3d 24. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. The circuit court has the discretion to deny postconviction relief without a hearing, and it need not hold an evidentiary hearing where it can be conclusively shown on the record, or on the face of the petition itself, that the allegations have no merit. Ark. R. Crim. P. 37.3(a).

Pitts asserts many instances of ineffective assistance of counsel; however, none presents grounds for reversal. First, Pitts contends that counsel was ineffective for failing to challenge the probable cause for his arrest. The circuit court correctly denied Pitts's assertion, finding that such a claim is not cognizable pursuant to Rule 37. Generally, a challenge to the validity of an arrest warrant for lack of probable cause is not cognizable in a Rule 37 petition. *Moten v. State*, 2013 Ark. 503, at 4. The allegation constitutes a direct attack on the judgment of conviction rather than a collateral challenge to the judgment and is not cognizable under Rule 37.1. *Munnerlyn v. State*, 2013 Ark. 339, at 2. "[S]ome flaw in the arrest procedure" does not vitiate an otherwise valid judgment and does not constitute fundamental error sufficient to void a judgment. *Id*. at 2–3.

Second, Pitts claims that the circuit court erred in denying his Rule 37 petition on the ground that counsel was ineffective for failing to preserve for review a challenge to the seizure and search of his cell phone, which led to the admission of incriminating evidence at his trial and his conviction. In its denial of Pitts's petition, the circuit court found that Pitts's cell phone was seized by his parole officer incident to arrest for parole violations. An

5

officer making a lawful arrest may conduct a warrantless search of the accused and his property. Ark. R. Crim. P. 12.1(d) (2020). Thus, counsel is not ineffective for failing to preserve for appellate review a meritless argument. *Wooten v. State*, 2016 Ark. 376, at 6–7, 502 S.W.3d 503, 508 (per curiam).

Third, Pitts argues that counsel failed to challenge both independent bases for the circuit court's ruling that his incriminating statement to his parole officer was admissible. The circuit court found that Pitts's statement to his parole officer was spontaneous and not the result of interrogation. Also, the circuit court found that Pitts was aware of his *Miranda* rights when his parole officer asked him if he was an accessory to capital murder. On appeal, counsel argued that Pitts's statement was the result of an interrogation and was not spontaneous; however, counsel did not challenge the second independent basis for the circuit court's ruling—that Pitts was aware of his *Miranda* rights. We affirmed the circuit court's ruling for two reasons: (1) Pitts did not challenge both independent bases for the ruling; and (2) there is no constitutional requirement that suspects in custody must be read their *Miranda* rights every time they are questioned. Pitts was Mirandized five days before the parole officer asked him if he was an accessory to capital murder; therefore, it was not necessary for his parole officer to inform him of his *Miranda* rights again. *See Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005). In denying Pitts's ineffective-assistance-of-counsel claim, the circuit court correctly found that Rule 37 does not provide an opportunity for an appellant to reargue points that were settled on direct appeal. *See Howard*, 367 Ark. 18, 238 S.W.3d 24. Additionally, Pitts asserts that counsel failed to address a matter related to his recorded confession not being played for the jury. Pitts also asserts that appellate

6

counsel stated that the "state had little to no evidence placing appellant at the crime scene" and yet counsel failed to challenge the sufficiency of the evidence. As we stated above, sufficiency of the evidence is not cognizable in postconviction proceedings. *See Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538.

Fourth, Pitts asserts that counsel failed to perform a pretrial investigation and that because of this failure, the State's evidence was not properly authenticated, and that evidence led to the jury's guilty verdict. Specifically, Pitts refers to witness Amanda Thornton's recorded interrogation that he claims counsel did not watch and unnamed potential witnesses that counsel did not find. Pitts does not explain what evidence would have been gathered from the interrogation recording, what witnesses could have been found, or what testimony would have been given. Counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary; however, when a petitioner under Rule 37.1 alleges ineffective assistance for failure to perform an adequate investigation, he or she must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome. *Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193 (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice. *Breeden v. State*, 2014 Ark. 159, at 11, 432 S.W.3d 618, 626–27. Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Id.* Here, Pitts made only conclusory statements without factual

7

support for his claim, and the circuit court did not err in finding that he had not presented a meritorious Rule 37 claim.

Fifth, Pitts argues that counsel failed to present evidence favorable to his case that would have outweighed the State's incriminating evidence. Here, Pitts attempts to argue the sufficiency of this evidence, which, as we stated above, is not cognizable in a Rule 37 petition. *See Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646.

Sixth, Pitts claims that counsel was ineffective by failing to object to the prosecutor's aiding a witness in her presentation of perjured testimony and by failing to object to the State's representation of photographs from his codefendant's phone as originating from Pitts's phone. Pitts further claims that the State manipulated phone records to corroborate the perjured testimony. The misconduct, Pitts argues, led to the jury's guilty verdict. In *Ortega v. State*, 2017 Ark. 365, 533 S.W.3d 68, the supreme court held that a claim of prosecutorial misconduct is an issue that could have been raised at trial and is not cognizable in Rule 37 petitions. Accordingly, Pitts's claims of prosecutorial misconduct are not a meritorious basis for reversal.

Seventh, we address Pitts's attempt to raise the issue of an alleged speedy-trial violation in his Rule 37 appeal that was settled on direct appeal. Our court reviewed Pitts's claim of a speedy-trial violation and rejected it; thus, as we discussed above, matters settled on direct appeal are not cognizable under Rule 37.

Eighth, Pitts claims he was not afforded a fair trial by a jury of his peers because of counsel's ineffective assistance. The circuit court rejected Pitts's claim that counsel could have requested a change of venue to ensure a jury of people his age and his vague assertion

8

that a different jury would not have known the victim, officers, and witnesses involved in his case. To establish that the failure to seek a change in venue amounted to ineffective assistance of counsel, a petitioner must offer some basis on which to conclude that an impartial jury was not empaneled. *Id*. Broad claims that another jury somewhere else would be fairer is the type of conclusory statement that is not cognizable under Rule 37. Moreover, we have repeatedly held that "the decision of whether to seek a change of venue is largely a matter of trial strategy and is therefore not an issue to be debated under Rule 37." *Shadwick v. State*, 2017 Ark. App. 243, at 4, 519 S.W.3d 722, 727–28. Also, for the first time on appeal, Pitts asserts that counsel failed to strike an unnamed juror who knew the victim and "never said she could be fair." Pitts's appellate argument has been expanded from what was presented to the circuit court, and "new arguments, including new factual substantiation, cannot be raised on appeal." *Rayburn v. State*, 2019 Ark. App. 79, at 6, 570 S.W.3d 516, 521.

Ninth, Pitts asserts that counsel was ineffective because he did not attempt to conceal from the jury the fact that he is a convicted felon, which caused the jury to have prejudice toward him. At a pretrial hearing, the court deemed Pitts's statement to his parole officer admissible, identifying Pitts as having been convicted of a previous crime. Faced with the court's decision, counsel could not have made a successful objection to the admission of the information. A petitioner does not demonstrate the requisite prejudice for a claim of ineffective assistance based on the failure to make an objection if he does not establish that counsel could have made a successful objection. *Davis v. State*, 2013 Ark. 118. In view of

9

the foregoing analysis, we affirm the circuit court's denial of Pitts's petition for Rule 37 relief.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*Benjamin Pitts*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.