Cite as 2021 Ark. App. 242

# ARKANSAS COURT OF APPEALS
DIVISIONS II & III

**No.** CR-20-308

| | |
|---|---|
| BENJAMIN MICKEY PITTS | **Opinion Delivered:** May 12, 2021 |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-14-376 ] |
| V. | |
| STATE OF ARKANSAS | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| APPELLEE | AFFIRMED |
| | SUBSTITUTED OPINION ISSUED ON GRANT OF REHEARING |

## BART F. VIRDEN, Judge

Benjamin Pitts appealed the circuit court's denial of his Rule 37 petition, and on February 24, 2021, we affirmed the circuit court's decision in *Pitts v. State*, 2021 Ark. App. 81. The State has since filed a petition for rehearing, and we grant the State's petition and issue the following substituted opinion.

A Garland County jury convicted Pitts of second-degree murder, two counts of first-degree battery, possession of a firearm by certain persons, and aggravated residential burglary. Pitts was sentenced to an aggregate term of eighty years in the Arkansas Department of Correction. On direct appeal, Pitts raised two points. He argued that the circuit court erred in denying his motion to dismiss for violation of his right to a speedy trial and in denying

his motion to suppress custodial statements made to his parole officer. We affirmed his conviction in *Pitts v. State*, 2019 Ark. App. 107, 571 S.W.3d 64, and denied Pitts's petition for rehearing. The mandate issued on April 2, 2019.

On April 22, Pitts filed a pro se verified petition for Rule 37 relief, which the circuit court found did not conform to the Rule 37.1(b) margin requirements and dismissed it without prejudice to allow Pitts to file a conforming petition. On May 28, Pitts filed a second petition, which, on July 23, also was dismissed without prejudice "to filing a petition that conforms to Rule 37.1(b)." On August 19, with leave of the court, Pitts filed a third amended petition containing the same margin-requirement violation, and the court found that "the Petition Defendant filed August 19, 2019, is dismissed without prejudice to filing a petition that conforms to Rule 37.1(b)." On September 19, 2019, Pitts filed his fourth amended petition, and on February 7, 2020, the circuit court denied Pitts's petition. The circuit court found that Pitts supplemented his petition with new evidence without first requesting leave of the court to do so in violation of Rule 37, and it addressed and denied each of Pitts's ineffective-assistance-of-counsel claims.[1]  Pitts timely filed his notice of appeal.

Before we reach the merits of Pitts's appeal, we address the State's original argument that the case should be dismissed for lack of jurisdiction, our rejection of that argument, and the State's petition for rehearing regarding the matter of jurisdiction.

---

[1]On September 26, Pitts filed a motion to add evidence to the fourth Rule 37 petition that he filed a week earlier.

Originally, the State contended that the circuit court lacked jurisdiction over Pitts's petition because the September 19 petition was not filed within sixty days of the date that the court of appeals issued the mandate. We rejected the State's argument for dismissal, which erroneously relied in part on Rule 37(e). Subsection (e) provides that before the court acts upon a petition filed under Rule 37, the petition may be amended with leave of the court. Ark. R. Crim. P. 37.2(e). Subsection (e) is not jurisdictional, and its purpose is to prevent a petitioner from filing multiple petitions before the court has had a chance to rule on the first petition—unless the court exercises its discretion to allow such amendments before it has ruled on the first petition. Pitts did not file subsequent or amended petitions before the court ruled on his first petition, and the court was not required to exercise its discretion pursuant to subsection(e); thus, subsection (e) does not apply here.[2]

In response to our opinion, the State filed a petition for rehearing, this time arguing that the court did not give leave for Pitts to file the subsequent petitions and that "there are no rulings in the record granting him leave to file amended petitions." That is incorrect. As stated above, the court found that "the Petition Defendant filed August 19, 2019, is dismissed without prejudice to filing a petition that conforms to Rule 37.1 (b)." In its denial of Pitts's final petition filed on September 19, the circuit court found that "Petitioner was allowed to file three previous Rule 37 petitions which did not conform to Arkansas law and the Court dismissed those petitions without prejudice and allowed the current 4th petition."

---

[2]We cited *Barrow v. State*, 2012 Ark. 197, in our discussion of subsection (e). *Barrow* is inapplicable for the same reasons that subsection (e) has no bearing on the instant case.

Accordingly, we reject the State's contention that the court did not give leave for Pitts to file subsequent petitions.

Next, the State avers that Pitts's fourth petition did not "relate back" to a pending, timely filed, and conforming petition because the court had dismissed the previous petitions; thus, the State argues, the fourth petition was filed outside the sixty-day requirement. Specifically, the State contends that

> [t]he fact that Pitts previously had filed two timely petitions before he filed his final petition in September 2019, did not render the latter petition timely. The two petitions that he filed before June 3, 2019, were dismissed in July, 2019, due to their lack of compliance with the margin requirements of Rule 37.1(b). As a result, those petitions had been acted on and were no longer pending at the time that Pitts filed his fourth and final petition in September, 2019. And, because those timely filed petitions were not pending in September, 2019, the fourth petition filed then could not relate back to them. *See, e.g.*, *Rhuland v. Fahr*, 356 Ark. 382, 390–91, 155 S.W.3d 2, 8 (2004) (explaining that there must be existing pleadings to amend before relation back can occur); *see also, e.g.*, Arkansas Rule of Criminal Procedure 37.2(e) (2019) (authorizing amendment of a petition with leave of court "*[b]efore* the court acts upon" it) (emphasis added).

As discussed above, subsection (e) has no bearing on this case. We also reject the State's argument that the last petition—filed with leave of the court--must relate back to a pending petition. Under these facts, there is no requirement that the subsequent petitions must relate back to a pending petition, and we decline to rely on *Rhuland v. Fahr*, 356 Ark. 382, 390–91, 155 S.W.3d 2, 8 (2004), a probate case, in determining this Rule 37 issue. Here, jurisdiction was acquired with the timely filing of the original verified petition that complied with the jurisdictional aspects of Rule 37, and the circuit court did not lose jurisdiction, because it is within the court's discretion to continue to give leave for Pitts to file a conforming petition for as long as it sees fit. If an appeal was taken of the judgment of

conviction, a petition claiming relief under Rule 37 must be filed in the circuit court within sixty days of the date the mandate is issued by the appellate court. Ark. R. Crim. P. 37.2(c)(ii). Time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if they are not met, the circuit court lacks jurisdiction to grant postconviction relief. *Wright v. State*, 2011 Ark. 356. Here, Pitts met the time limitations imposed in Rule 37.2(c) by timely filing his first petition, and the court gave Pitts leave to file each subsequent petition. We reject both the State's original argument in its brief and the arguments it raises in its petition for rehearing.

We proceed to the merits and affirm.

When reviewing a circuit court's ruling on a petitioner's request for Rule 37.5 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*, 60 S.W.3d at 406.

When considering an appeal from a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, considering the totality of the evidence under the standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Sparkman v. State*, 373 Ark.

5

45, 281 S.W.3d 277 (2008). In making this determination, we must consider the totality of the evidence. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. A court must indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*, 387 S.W.3d 143.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.*, 387 S.W.3d 143. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard*, 367 Ark. 18, 238 S.W.3d 24. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*, 238 S.W.3d 24. Unless a petitioner makes both showings, it cannot be said that the

conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*, 238 S.W.3d 24. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. The circuit court has the discretion to deny postconviction relief without a hearing, and it need not hold an evidentiary hearing if it can be conclusively shown on the record, or on the face of the petition itself, that the allegations have no merit. Ark. R. Crim. P. 37.3(a).

Pitts asserts many instances of ineffective assistance of counsel; however, none presents grounds for reversal. First, Pitts contends that counsel was ineffective for failing to challenge the probable cause for his arrest. The circuit court correctly denied Pitts's assertion, finding that such a claim is not cognizable pursuant to Rule 37. Generally, a challenge to the validity of an arrest warrant for lack of probable cause is not cognizable in a Rule 37 petition. *Moten v. State*, 2013 Ark. 503, at 4. The allegation constitutes a direct attack on the judgment of conviction rather than a collateral challenge to the judgment and is not cognizable under Rule 37.1. *Munnerlyn v. State*, 2013 Ark. 339, at 2. "[S]ome flaw in the arrest procedure" does not vitiate an otherwise valid judgment and does not constitute fundamental error sufficient to void a judgment. *Id.* at 2–3.

Second, Pitts claims that the circuit court erred in denying his Rule 37 petition on the ground that counsel was ineffective for failing to preserve for review a challenge to the seizure and search of his cell phone, which led to the admission of incriminating evidence at his trial and his conviction. In its denial of Pitts's petition, the circuit court found that

7

Pitts's cell phone was seized by his parole officer incident to arrest for parole violations. An officer making a lawful arrest may conduct a warrantless search of the accused and his property. Ark. R. Crim. P. 12.1(d) (2020). Thus, counsel is not ineffective for failing to preserve for appellate review a meritless argument. *Wooten v. State*, 2016 Ark. 376, at 6–7, 502 S.W.3d 503, 508 (per curiam).

Third, Pitts argues that counsel failed to challenge both independent bases for the circuit court's ruling that his incriminating statement to his parole officer was admissible. The circuit court found that Pitts's statement to his parole officer was spontaneous and not the result of interrogation. Also, the circuit court found that Pitts was aware of his *Miranda* rights when his parole officer asked him if he was an accessory to capital murder. On appeal, counsel argued that Pitts's statement was the result of an interrogation and was not spontaneous; however, counsel did not challenge the second independent basis for the circuit court's ruling—that Pitts was aware of his *Miranda* rights. We affirmed the circuit court's ruling for two reasons: (1) Pitts did not challenge both independent bases for the ruling; and (2) there is no constitutional requirement that suspects in custody must be read their *Miranda* rights every time they are questioned. Pitts was Mirandized five days before the parole officer asked him if he was an accessory to capital murder; therefore, it was not necessary for his parole officer to inform him of his *Miranda* rights again. *See Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005). In denying Pitts's ineffective-assistance-of-counsel claim, the circuit court correctly found that Rule 37 does not provide an opportunity for an appellant to reargue points that were settled on direct appeal. *See Howard*

*v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Additionally, Pitts asserts that counsel failed to address a matter related to his recorded confession not being played for the jury. Pitts also asserts that appellate counsel stated that the "state had little to no evidence placing appellant at the crime scene" and yet counsel failed to challenge the sufficiency of the evidence. As we stated above, sufficiency of the evidence is not cognizable in postconviction proceedings. *See Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538.

Fourth, Pitts asserts that counsel failed to perform a pretrial investigation and that because of this failure, the State's evidence was not properly authenticated, and that evidence led to the jury's guilty verdict. Specifically, Pitts refers to witness Amanda Thornton's recorded interrogation that he claims counsel did not watch and unnamed potential witnesses that counsel did not find. Pitts does not explain what evidence would have been gathered from the interrogation recording, what witnesses could have been found, or what testimony would have been given. Counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary; however, when a petitioner under Rule 37.1 alleges ineffective assistance for failure to perform an adequate investigation, he or she must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome. *Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193 (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice. *Breeden v. State*, 2014 Ark. 159, at 11, 432 S.W.3d 618, 626–27. Neither conclusory statements nor

allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Id.* Here, Pitts made only conclusory statements without factual support for his claim, and the circuit court did not err in finding that he had not presented a meritorious Rule 37 claim.

Fifth, Pitts argues that counsel failed to present evidence favorable to his case that would have outweighed the State's incriminating evidence. Here, Pitts attempts to argue the sufficiency of this evidence, which, as we stated above, is not cognizable in a Rule 37 petition. *See Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646.

Sixth, Pitts claims that counsel was ineffective by failing to object to the prosecutor's aiding a witness in her presentation of perjured testimony and by failing to object to the State's representation of photographs from his codefendant's phone as originating from Pitts's phone. Pitts further claims that the State manipulated phone records to corroborate the perjured testimony. The misconduct, Pitts argues, led to the jury's guilty verdict. In *Ortega v. State*, 2017 Ark. 365, 533 S.W.3d 68, the supreme court held that a claim of prosecutorial misconduct is an issue that could have been raised at trial and is not cognizable in Rule 37 petitions. Accordingly, Pitts's claims of prosecutorial misconduct are not a meritorious basis for reversal.

Seventh, we address Pitts's attempt to raise the issue of an alleged speedy-trial violation in his Rule 37 appeal that was settled on direct appeal. Our court reviewed Pitts's

10

claim of a speedy-trial violation and rejected it; thus, as we discussed above, matters settled on direct appeal are not cognizable under Rule 37.

Eighth, Pitts claims he was not afforded a fair trial by a jury of his peers because of counsel's ineffective assistance. The circuit court rejected Pitts's claim that counsel could have requested a change of venue to ensure a jury of people his age and his vague assertion that a different jury would not have known the victim, officers, and witnesses involved in his case. To establish that the failure to seek a change in venue amounted to ineffective assistance of counsel, a petitioner must offer some basis on which to conclude that an impartial jury was not empaneled. *Id.* Broad claims that another jury somewhere else would be fairer is the type of conclusory statement that is not cognizable under Rule 37. Moreover, we have repeatedly held that "the decision of whether to seek a change of venue is largely a matter of trial strategy and is therefore not an issue to be debated under Rule 37." *Shadwick v. State*, 2017 Ark. App. 243, at 4, 519 S.W.3d 722, 727–28. Also, for the first time on appeal, Pitts asserts that counsel failed to strike an unnamed juror who knew the victim and "never said she could be fair." Pitts's appellate argument has been expanded from what was presented to the circuit court, and "new arguments, including new factual substantiation, cannot be raised on appeal." *Rayburn v. State*, 2019 Ark. App. 79, at 6, 570 S.W.3d 516, 521.

Ninth, Pitts asserts that counsel was ineffective because he did not attempt to conceal from the jury the fact that he is a convicted felon, which caused the jury to have prejudice toward him. At a pretrial hearing, the court deemed admissible Pitts's statement to his parole

11

officer that Pitts had been convicted of a previous crime. Faced with the court's decision, counsel could not have made a successful objection to the admission of the information. A petitioner does not demonstrate the requisite prejudice for a claim of ineffective assistance based on the failure to make an objection if he does not establish that counsel could have made a successful objection. *Davis v. State*, 2013 Ark. 118. In view of the foregoing analysis, we affirm the circuit court's denial of Pitts's petition for Rule 37 relief.

Affirmed.

GLADWIN, GRUBER, BARRETT, and VAUGHT, JJ., agree.

HIXSON, J., concurs.

**KENNETH S. HIXSON, Judge, concurring**. I agree with the majority that the circuit court had jurisdiction to hear Pitts's Rule 37 petition for the reasons stated in the substituted opinion. I also agree to affirm the circuit court's denial of Pitts's Rule 37 petition. I write separately on the jurisdictional issue to express what I believe to be a potential pitfall under the current state of the law.

Pitts's first two Rule 37 petitions were filed within the sixty-day time limitation provided by Rule 37.2(c)(ii). After the sixty-day time period had expired, the trial court dismissed those petitions without prejudice to filing a petition that conforms to Rule 37.1(b). After Pitts filed a third nonconforming petition, the trial court again dismissed the petition without prejudice to filing a conforming petition. Finally, Pitts filed his fourth petition, which conformed to the requirements of Rule 37.1(b), and which the circuit court denied on the merits of the petition.

12

The State asserts that because the only two timely petitions had been dismissed and were no longer pending when Pitts filed his third and fourth petitions, there was no timely petition for the out-of-date petitions to relate back to. The State thus argues that the trial court should have dismissed the third and fourth petitions for lack of jurisdiction. Taking the State's argument to its logical conclusion, if such petitions are deemed timely, then a petitioner could wait indefinitely to file an amended petition that had been dismissed without prejudice, and the trial court would still have jurisdiction to hear the petition. While I would agree that the State has a good point, I do not believe our court can unilaterally insert what would effectively be a "statute of limitations" on when an appellant can file an amended petition under this scenario.

This case is controlled by our supreme court's holding in *Felty v. State*, 2017 Ark. 1, 508 S.W.3d 26:

> The failure to comply with Rule 37.1(b) is not a jurisdictional defect, and the trial court may rule on a petition that does not conform to the Rule, but the court is not required to do so. *Randle v. State*, 2016 Ark. 228, at 5, 493 S.W.3d 309, 310 (per curiam). When a petitioner timely files his verified petition that does not comply with Rule 37.1(b), the trial court has the discretion to act on the merits of the petition, *dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b)*, or dismiss the petition. *Smith v. State*, 2015 Ark. 23, at 2, 454 S.W.3d 219, 220–21 (per curiam).

*Felty*, 2017 Ark. 1, at 2, 508 S.W.3d at 27–28 (emphasis added). Pursuant to *Felty*, one of the dispositions available to the trial court when ruling on a verified petition that does not conform to Rule 37.1(b) is to dismiss the petition without prejudice to filing a conforming petition. That is exactly what happened in this case.

When a nonconforming Rule 37 petition has been dismissed without prejudice to filing a conforming petition, neither *Felty* nor Rule 37 itself provides any time limit as to when the subsequent conforming petition must be filed. That being so, this right does not appear to have any time limitation whatsoever as the law now stands. Therefore, I do not believe the law permits us to do what the State is requesting. For these reasons, I concur in the majority's holding that the circuit court had jurisdiction to reach the merits of Pitts's Rule 37 petition.

*Benjamin Pitts*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Senior Ass't Att'y Gen., and *Michael Zangari*, Ass't Att'y Gen., for appellee.

14