Cite as 2021 Ark. 178

# SUPREME COURT OF ARKANSAS

**No.** CR-18-424

|  |  |
|---|---|
| | **Opinion Delivered:** October 14, 2021 |
| BENJAMIN MICKEY PITTS<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-14-376]<br><br>PETITION DENIED. |

**RHONDA K. WOOD, Associate Justice**

Petitioner Benjamin Mickey Pitts was convicted by a Garland County jury of second-degree murder, two counts of first-degree battery, possession of a firearm by certain persons, and aggravated residential burglary. He received an aggregate term of 960 months' imprisonment. Pitts appealed his convictions and sentences, and the Arkansas Court of Appeals affirmed. *Pitts v. State*, 2019 Ark. App. 107, 571 S.W.3d 64. Pitts brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Because he fails to establish a ground for the writ, the petition is denied.

## I. *Background*

Steve Swanigan entered an apartment and began shooting the occupants. One woman died while a man and a child were injured. Another male had entered the apartment

after Swanigan and fled with him in a vehicle. Pitts was identified as the second perpetrator. The codefendants were tried separately. Swanigan was tried and convicted about ten days before Pitts. *Swanigan v. State*, 2019 Ark. App. 296, 577 S.W.3d 737.

Pitts sought postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2017) in which he alleged several instances of ineffective assistance of counsel. His claims for relief were denied. *Pitts v. State*, 2021 Ark. App. 242, 624 S.W.3d 700; *Pitts v. State*, 2021 Ark. App. 81.

## II. *Nature of the Writ*

The petition for leave to proceed on a petition for writ of error coram nobis in the trial court is necessary because the trial court can entertain the petition after a judgment has been affirmed only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). There is a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## III. *Claim for the Writ*

While a *Brady* violation comes within the purview of coram nobis relief, an allegation alone is not sufficient. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. A defendant must

show prejudice from the wrongfully withheld evidence. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. The Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the State must have suppressed the evidence, either willfully or inadvertently; and (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Pitts's many claims fail because he does not demonstrate the State withheld any favorable evidence and that prejudice occurred.

## A. Thornton's Testimony

First, Pitts contends that the State failed to disclose statements made by Amanda Thornton when she testified at his codefendant's trial. Although Pitts contends the State withheld Thornton's prior testimony, the trial record proves he had notice about this testimony.[1] At Pitts's trial, his counsel questioned Thornton on cross-examination about her testimony in his codefendant's trial. Additionally, Thornton's prior testimony was a matter of public record and was not subject to being withheld or suppressed by the State. *Wallace*, 2018 Ark. 164, 545 S.W.3d 767. And trial was when Pitts should have raised his argument that the prosecutor promoted false testimony. *Joiner v. State*, 2019 Ark. 279, 585 S.W.3d 161; *see Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49.

---

[1]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

## B. Morgan's Testimony

Second, Pitts challenges Ciara Morgan's "statement about meeting with Steven Swanigan right after [the] murder happened on 4/30/2014." Pitts contends that the defense should have received all statements that the State had from Morgan. Pitts does not identify any statement by Morgan favorable to the defense or that could have prevented rendition of the judgment. *See Breeden v. State*, 2019 Ark. 314, 587 S.W.3d 212. The petitioner seeking to reinvest jurisdiction in the trial court bears the burden of presenting facts to support the claims and not merely conclusions. *Martinez-Marmol*, 2018 Ark. 145, 544 S.W.3d 49.

## C. Photographic Lineup

Third, Pitts claims that he was prejudiced because the State withheld a photographic lineup it had shown Jordan Garner. He also contends that the State violated its duty not to elicit testimony it knew to be false. These claims also fail.

The State had shown a photo lineup to Garner to identify Pitts's codefendant. Garner testified that he focused on the driver because the car had been driving through the parking lot in the wrong direction. At trial, the State showed the photo lineup to Garner and he again identified the codefendant. Pitts had the ability to cross-examine Garner about the photo lineup during trial. Any error was not extrinsic to the record. *See Barnett v. State*, 2020 Ark. 222, 601 S.W.3d 409; *see also Isom v. State*, 2018 Ark. 368, 563 S.W.3d 533.

## D. 911 Call

Fourth, Pitts makes a conclusory claim that he could not adequately prepare for trial and that a *Brady* violation occurred about a 911 call made by Troy Jones. Pitts contests

4

alleged inconsistencies between statements made during the 911 call and Jones's trial testimony and contends that he could not properly cross-examine Jones because the State withheld the 911 call. Pitts states that the 911 call revealed that Jones had stated the passenger—identified during the trial as Pitts—did the shooting, but that at trial, Jones stated the passenger did not do the shooting.

The trial record reflects that Jones testified that he called 911 after hearing gun shots and observing the vehicle. Pitts could cross-examine Jones about his testimony and the 911 call. Any testimony about the 911 call was not extrinsic to the record. *See Barnett*, 2020 Ark. 222, 601 S.W.3d 409.

### E. Cell Phone Photographs

Last, Pitts argues that the State showed the jury pictures and misrepresented them as coming from his cell phone when they were, in fact, from his co-defendant's phone. Again, he implies trial error and prejudice but no error extrinsic to the record relevant to an error coram nobis petition. *See Joiner*, 2020 Ark. 126, at 4, 596 S.W.3d at 12.

All Pitts's allegations involve matters that were known or ones he could have discovered at the time of trial, and he otherwise failed to establish that the State withheld material evidence in violation of *Brady*. *See Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. Pitts has failed to state sufficient allegations to satisfy issuance of the writ.

Petition denied.